UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>-vs-<br><br>FRANCISCO GOMEZ-GUEVARA,<br><br>    Movant. | NO. CR-05-00124-BLW-9<br>    CV-07-445-S-WFN<br><br>MEMORANDUM DECISION<br>AND ORDER |

Before the Court is Movant's pro se Motion to Vacate, Set Aside or Correct Sentence and Conviction Under Section 28 U.S.C. § 2255, filed October 18, 2007 (CR-05-00124-BLW-9, Ct. Rec. 587; CV-07-445-S-WFN, Ct. Rec. 1).[1] The Government's response was filed March 10, 2008 (CV-07-445-S-WFN, Ct. Rec. 5). Movant's reply was filed April 7, 2008 (CV-07-445-S-WFN, Ct. Rec. 7).

The Court has reviewed the files and the Motion and is fully informed. For the reasons stated below the Motion is denied.

## I. BACKGROUND

A Superseding Indictment was filed on November 8, 2005 charging the Movant and 12 others with numerous drug-related charges (Ct. Rec. 215). Movant was charged in Count 1 with conspiracy to distribute more than 500 grams of a mixture of methamphetamine; Count 8 with distribution or possession with the intent to distribute 500 grams or more of a mixture

---

[1] Unless otherwise noted, the court record numbers refer to CR-05-124-BLW-9.

MEMORANDUM DECISION
AND ORDER - 1

of methamphetamine; and Counts 75, 77 - 85 with use of a communication facility in aid of drug trafficking. Count 83 did not go to the jury and was dismissed on the Government's Motion at sentencing on July 31, 2006 (Ct. Rec. 504).

A trial was held for Movant and Co-defendant Alvaro Qunitana-Ramirez from May 1 through 4, 2006. The jury returned a verdict of guilty as to Movant on all counts charged except Count 83. By special jury verdict form the jury found the Movant responsible for more than 500 grams of a mixture of methamphetamine on Count 1 and less than 50 grams of a mixture of methamphetamine on Count 8 (Ct. Rec. 404).

Movant was sentenced by the undersigned to a term of imprisonment of 51 months on Counts 1 and 8, and a term of 48 months on Counts 75, 77-82, 84 and 85 to run concurrently to each other. (Ct. Rec. 504). Movant filed an appeal on August 4, 2006. (Ct. Rec. 506). The Ninth Circuit Court of Appeals addressed Movant's sufficiency of the evidence claim and affirmed the conviction (Ct. Rec. 586, 588). Movant was represented at trial and on appeal by appointed counsel Rob S. Lewis.

## II. DISCUSSION

2255 Relief. To be eligible for relief pursuant to 28 U.S.C. § 2255 Movant must establish two threshhold requirements: (1) that he is in custody under a sentence of this federal court; and (2) his request for relief is timely. 28 U.S.C. § 2255. The first requirement is satisfied as the record shows that Movant is in custody under a sentence of this Court. The second requirement is also satisfied as Movant's Motion was timely filed.

To obtain relief pursuant to 28 U.S.C. § 2255 Movant must show that: (1) his sentence was imposed in violation of the Constitution or federal law; 2) the court lacked jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the conviction or sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Movant has raised a claim that he received ineffective assistance of counsel at trial and on appeal based upon seven grounds.

MEMORANDUM DECISION
AND ORDER - 2

At this stage of the proceedings the Court must determine if an evidentiary hearing is required. Rule 8(a), RULES--SECTION 2255 PROCEEDINGS (West 2008). The Court is to review "the answer, [and] any transcripts and records of prior proceedings" in making its determination. *Id.*

<u>Ineffective Assistance of Counsel.</u> The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

The first prong of the *Strickland* test requires that Movant show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id.* quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant

alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

**Ground 1 - Counsel did not file pre-trial motions for discovery and evidentiary hearing.** Movant makes four allegations related to this issue that will be addressed in turn. First, Movant asserts that defense counsel was ineffective because he did not file pretrial motions for discovery with special concern for *Brady* material. *Brady v. Maryland*, 373 U.S. 83 (1963) (due process violated where prosecution fails to reveal upon request evidence favorable to the accused). The record reveals that discovery in this matter was governed by the Court's Procedural Order (Ct. Rec. 66). Defense counsel requested all discoverable material at paragraph 1 and *Brady* material was specifically addressed in the Order (Ct. Rec. 66, ¶ 5(A). In addition, this was an open file case regarding discovery. See Affidavit of Rob S. Lewis, attached to Government Response filed 3/10/08, CV-07-445, Ct. Rec. 5 [hereinafter Affidavit of Rob S. Lewis]. Therefore, defense counsel had access to all discovery available to the government and no further motions were necessary unless there was evidence that the government was withholding information.

Specifically, Movant identifies several pieces of information that he believes defense counsel should have requested: 1) evidence of the number of actual phone calls to co-defendant; 2) Movant's location at the time of the calls, 3) identity of other drug dealers he was alleged to have dealings with; 4) the amount of drugs he bought at each transaction; and 5) the tape recording of his confession. A defense attorney however, is not ineffective for failing to file merit-less motions. *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989). Items one through four identified information uniquely within the knowledge of the Movant but not necessarily the government. For example, Movant testified that he purchased drugs

MEMORANDUM DECISION
AND ORDER - 4

from the co-defendant (Trial Transcript [TT] 597) [2] and that all of the phone calls with the co-defendant were about the purchase or collection of meth. TT 602. Movant has no evidence that the government had possession of, and withheld, any information that might have been *Brady* material. Item five, the tape recording of his confession, did not exist. The undercover agent testified on cross examination by defense counsel that no recording was made of Movant's confession. TT 310. Defense counsel used this fact to Movant's advantage by arguing during closing that no recording was made of the alleged confession, which Movant denied having made when he testified. TT, Ct. Rec. 579, p. 127. There was no unreasonable conduct on defense counsel's part related to this issue.

Second, Movant argues that defense counsel was ineffective for not filing a motion for a pretrial evidentiary hearing so Movant could hear the government's proffer of trial evidence. Movant cites no criminal rule or case law that provides authority that such a motion would have been anything but futile. Defense counsel was not required to make such a motion.

Third, Movant asserts that defense counsel put on no rebutting evidence. Although a defendant has no burden to produce any evidence at trial, the record defeats Movant's assertion as it shows that defense counsel did call both the Movant and a government agent to testify in the defense case. TT 587, 590.

Finally, Movant alleges that defense counsel did not share or discuss discovery with him. Assuming for purposes of analysis that this significant allegation is true, Movant is not able to prove that, but for this alleged error, there is a reasonable probability that the outcome of the proceeding would have been different. Movant states that he wanted to hear the tapes of the recorded conversations to make sure the transcripts were accurate. The transcripts were read at the trial and Movant could have alerted defense counsel to any inaccuracy from his memory of the conversations with co-defendant,

---

[2] The transcript of testimony from the three day trial is found at Ct. Recs. 437-439.

MEMORANDUM DECISION
AND ORDER - 5

which would have given defense counsel a basis for challenging the transcript. Movant fails to argue that there were any inaccuracies in the transcripts let alone that he told defense counsel of the inaccuracy.

Moreover, there was significant evidence to support the jury's verdict. The government had testimony of the undercover government agent that Movant confessed to drug distribution (TT 276-77), testimony from a co-defendant that she fronted drugs for Movant to sell because she knew he was a seller (TT 436-37, 441-42), as well as a tape recorded conversation of Movant discussing the sale of drugs with the co-defendant (TT 238-39). Movant testified that he was not a drug dealer but only a drug user (TT 607) and although defense counsel successfully argued for a lesser included offense jury instruction of simple possession (Jury Instruction 17, Ct. Rec. 402), the jury convicted Movant of conspiracy and distribution. Movant has failed to show either that defense counsel was ineffective for failing to file pre-trial motions for discovery and evidentiary hearing or that the outcome of the proceedings would have been different had defense counsel engaged in any of the activities Movant asserts would have been appropriate. Ground 1 must therefore be dismissed.

**Ground 2 - Counsel failed to ask the government to play the tapes at trial and to ask the Court to suppress any unrecorded conversations between government agents and Movant.** Movant asserts very generally that if the tapes had been played at trial they would have shown that his drug purchases were for personal use. Movant fails to assert which transcripts erroneously omitted this information even though Movant heard all of his conversations from the recordings read and could have alerted defense counsel to any omission. The procedures used at this trial are commonly used for the introduction of evidence from taped conversations in another language. The record shows that the taped conversations were in Spanish and government provided English translations of the conversations at the trial with this translation being read to the jury and with the words also being projected on a screen. TT 98-99, 101-02. Without more specific allegations Movant

MEMORANDUM DECISION
AND ORDER - 6

has failed to provide any reason why defense counsel should have asked to have the tapes played at trial.

Movant also asserts that defense counsel was ineffective because he failed to move for suppression of all unrecorded conversations between government agents and himself. As the government correctly notes there is no statute or rule that prohibits a witness from testifying about unrecorded conversations. Moreover, the Federal Rules of Evidence 801(d)(2)(A) specifically allows for the admission of statements by a party-opponent. Ground 2 is without basis and must be dismissed.

**Ground 3 - Counsel did not press for proof of the distribution element beyond a reasonable doubt at trial.** Movant argues correctly that intent to distribute is an element of the conspiracy charge (Ct. 1) and the possession with intent to distribute charge (Ct. 8). He further admits that intent can be inferred. He erroneously argues that conviction requires proof of an actual delivery with evidence of the date, time, location, people involved and amount and kind of drug. Possession with intent to deliver does not require proof of an actual delivery. Ninth Circuit Model Criminal Jury Instruction 9.13; Jury Instruction No. 13, Ct. Rec. 402. Therefore, defense counsel did not err by failing to argue that the government did not have requisite proof of an actual delivery.

In his closing argument though, defense counsel argued admirably to convince the jury that Movant was merely a user and not a seller of drugs. Transcript of Closing, Ct. Rec. 579, pp. 106-151. Among his arguments were that there was no evidence of a drug ledger, nice car, real home, money from sales or packaging material that would be consistent with distribution. *Id.* at 116-17. He suggested that Movant may have lied about being a dealer so that the co-defendant would front him drugs that were really for his own use. *Id.* at 129. Finally, defense counsel did argue that the government had not produced evidence of even one person to whom Movant had sold drugs. *Id.* at 136. Defense counsel pointed out that a tape did not exist of the Movant's confession and he spent much time attacking the credibility

MEMORANDUM DECISION
AND ORDER - 7

of the co-defendant's testimony. At several places in closing he also argued that the reasonable doubt standard had not been met. *Id.* at 105, 134, 137. The record does not support Movant's allegations that defense counsel did not press for proof of distribution beyond a reasonable doubt.

**Ground 4 - Counsel failed to make adequate and sufficient objections to the government's allegations at trial.** Movant primarily asserts that defense counsel was ineffective for failing to object on at least 5 specific occasions to the prosecutor's leading questions. Co-defendant's counsel first objected to the leading nature of the prosecutor's questions (TT 10), but the Court also drew attention to the problem (TT 13). Defense counsel did object to the leading nature of questions. See TT 439. Whether to interrupt testimony by repeatedly objecting to leading questions likely is a strategic decision best left to counsel, one that the Court cannot second guess. However, even if the failure to object to leading questions satisfied the first prong of the *Strickland* test, Movant is unable to show that the second prong of prejudice is satisfied. *United States v. Gibson,* 690 F.2d 697, 703-04 (9th Cir. 1982) (failure to make evidentiary objections does not render assistance ineffective unless challenged errors can be shown to have prejudiced the defense.) Movant did not show that somehow the lack of objection to leading questions allowed testimony into trial that would not have otherwise been admitted, and that because of that there was a reasonable probability that the testimony would have resulted in a different outcome.

Movant also asserts that defense counsel should have objected to the use of transcripts of recorded calls rather than the original tapes and to allowing testimony regarding an unrecorded conversation with Movant. As noted *supra* both allegations lack merit.

**Ground 5 - Counsel performed inadequate cross-examination of co-defendant at trial.** Movant asserts that counsel's cross examination of his co-defendant was too brief, failed to probe for evidence of defendant's drug distribution, and that these errors prejudiced his defense. First, Movant states that the cross-examination only occupied pages 160 through

MEMORANDUM DECISION
AND ORDER - 8

165. In fact, the record shows that the cross-examination occupied 22 pages of the trial transcript. TT 544-566. In any event, the quality of the cross-examination is not dependant on its length, so this allegation fails to support a finding that counsel was ineffective. Moreover, a review of the record shows that the cross-examination was thorough. Defense counsel attempted to impeach the credibility of the witness by pointing to potential inconsistencies in her testimony and by exploring the nature of her plea agreement. The later action Movant characterizes as a waste of time. However, undermining a witnesses credibility and showing reasons for potential bias is an effective cross-examination strategy.

Second, Movant asserts that counsel failed to ask specific questions of the co-defendant about Movant's alleged drug distribution to establish that there was a lack of evidence as to the location, date, time, person involved and drug amount. Movant misapprehends the elements of a possession with intent to distribute charge as discussed *supra*. Such specific evidence was not required and such questions may not have been in defendant's best interest. Defense counsel is responsible for determining the legal defense, not the defendant. *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987). There is a strong presumption that trial tactics or strategies of defense counsel are sound. *Strickland*, 466 U.S. at 689. A difference of opinion about proper tactics or strategies between the defendant and counsel "generally does not constitute a denial of effective assistance of counsel." *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981), see also *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1254 (9th Cir. 1986) ("Mere criticism of a trial tactic is not sufficient to support a charge of ineffective representation.").

Even if Movant successfully satisfied prong one of the *Strickland* standard, which he has not, this ground would fail because he cannot show that there is a reasonable probability that but for this alleged error in cross-examination strategy, the results of the proceeding would have been different. There was sufficient evidence for a rational jury to find him guilty based upon the testimony as to his own admission of drug distribution,

MEMORANDUM DECISION
AND ORDER - 9

the tape recorded conversations discussing drug purchases and the fact that the co-defendant fronted him drugs.

**Ground 6 - Counsel's very poor performance on Defendant's Direct Criminal Appeal.** Movant provides a litany of alleged mistakes that defense counsel made in the criminal appeal of his conviction to satisfy prong one of the *Strickland* standard. Movant asserts that defense counsel was unwilling to provide effective assistance of counsel; that he neglected to raise many important issues on appeal; that he cited only one case; that he failed to file a reply brief to the government's response even though Movant "demanded" that he do so; that he waived oral argument; and he failed to offer the options of moving for reconsideration, recall of the mandate, en banc review, or appeal to the Supreme Court.

Two of the allegations require comment before the Court considers the second prong of the *Strickland* standard. Movant's chief concern was that there was insufficient evidence to convict him of intent to distribute drugs. Motion filed 10/18/07, p. 19. Defense counsel agreed that sufficiency of the evidence was in fact the sole issue with any merit. Affidavit of Rob S. Lewis, ¶ 9. Movant takes issue with how his counsel argued the issue on appeal, but that is likely explained by the fact that Movant misunderstands the elements of the charge. As discussed on several occasions *supra,* the government did not have to prove the facts of an actual delivery, with dates, locations, etc. in order for a rational jury to convict Movant of intent to distribute. It was clear that there was no evidence presented of an actual delivery and defense counsel highlighted that fact in closing argument.

Second, counsel was not obligated to advise Movant of all the possible post appeal avenues that existed. Review by the Supreme Court is not a matter of right. Supreme Court Rule 10.

Movant cannot succeed on this ground because he cannot show prejudice, *i.e.* that but for his counsel's alleged errors there is a reasonable probability the results of the proceeding

MEMORANDUM DECISION
AND ORDER - 10

would have been different. *Strickland*, 466 U.S. at 694. Movant asserts that but for the errors of counsel the appellate court would have had a better opportunity to take into account all of the evidence favorable to him. The limits of what could be considered by the appellate court was set by the record designated for appeal which included the transcripts of the proceedings before the district court. The appellate court was required to consider all of the evidence in the light most favorable to the government, and determine whether a rational jury could have found all of the elements of the crimes charged beyond a reasonable doubt. *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). The government introduced testimony from an undercover agent that Movant admitted in a post-arrest interview that he had sold methamphetamine. TT 276-77. Movant's co-defendant testified that she fronted methamphetamine to Movant because she knew he was a seller. TT 436-37, 441-42. Finally, transcripts of recorded phone conversations revealed Movant discussing his customers and the quality of the drugs with the co-defendant, TT 238-39, as well as Movant saying that he "distributed to the ones that always buy a little." TT 238. Given this evidence there is not a reasonable probability that but for counsel's alleged errors on the criminal appeal the results of the proceeding would have been different.

**Ground 7 - Counsel did not preserve the issue of insufficiency of the evidence at the district court.** Movant asserts that defense counsel erred by not filing a motion at the trial or post-verdict challenging the sufficiency of the evidence. It is undisputed that defense counsel did not make a Rule 29 motion at the end of the government's case or after the close of all evidence. As a result the Movant argues he was prejudiced because the district court did not review the sufficiency of the evidence and the appellate court had to review under the plain error standard.

The Court notes that had the Court been concerned about the sufficiency of the evidence it could have raised the issue *sua sponte*, but it did not do so. Federal Rule of Criminal Procedure 29(a). It is true however, that had a Rule 29 motion been made the

MEMORANDUM DECISION
AND ORDER - 11

appellate court would have reviewed de novo, but plain error review was required in the absence of a Rule 29 motion. *United States v. Yossunthorn,* 167 F.3d 1267, 1270, n. 4 ( 9th Cir. 1999).

To prevail on his claim of ineffective assistance of counsel on this ground, Movant would have to show that counsel's failure to preserve the issue for de novo review prejudiced him *i.e.* "that there is a reasonable probability that, but for the counsel's error[s], the results of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The likelihood that the appellate court would have found the evidence to be insufficient under de novo review, but not insufficient under review for plain error is *de minimis*. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1010 (9th Cir. 1995) (What difference the standard makes has been questioned as the Circuit has noted a reluctance to affirm a conviction even under the deferential plain error standard, if the record clearly showed the evidence was insufficient).

Here, there was evidence of Movant's confession to distribution of drugs ( TT 276-77), transcripts of taped conversations of Movant discussing his customers and sales with a co-defendant ( TT 238-39), and the co-defendant's testimony that Movant was a seller (TT 436-37, 441-42). Movant testified and denied making a confession and denied distributing drugs asserting he only used drugs. TT 607. His denials could not have been found to be credible as the jury convicted him. Credibility determinations are uniquely within the province of the jury and the appellate court does not ask whether it believes that the evidence established guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19 (1979). The only question is whether "after viewing th evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original). Given the evidence presented in this trial, the Court concludes that Movant cannot show that he was prejudiced by counsel's failure to preserve the issue of the sufficiency of the evidence.

## III. CONCLUSION

Movant raised 7 grounds to support his claim that he received ineffective assistance of counsel both at trial and on appeal. On each ground he was either unable to prove that the actions of defense counsel were deficient or that the alleged deficient performance prejudiced the defense. Accordingly the § 2255 Motion must be denied.

## IV. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2008). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: 1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and 2) that jurists of reason would not find it debatable whether the Court was correct in any substantive or procedural ruling. Thus a certificate of appealability should not issue. Accordingly,

**IT IS ORDERED** that the Pro se Motion to Vacate, Set Aside or Correct Sentence and Conviction Under Section 28 U.S.C. § 2255, filed October 18, 2007, **CR-05-00124-BLW-9, Ct. Rec. 587; CV-07-445-S-WFN, Ct. Rec. 1**, is **DENIED**.

MEMORANDUM DECISION
AND ORDER - 13

The Clerk of Court is directed to:

- File this Order;
- Prepare and file a Judgment consistent with this Order in CV-07-445-S-WFN;
- Provide copies of the Order and Judgment to pro se Movant and to the United States Attorney;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-07-445-S -WFN**.

**DATED** this 13th day of May, 2008.

                                      s/ Wm. Fremming Nielsen
                                     WM. FREMMING NIELSEN
                        SENIOR UNITED STATES DISTRICT JUDGE

05-05

MEMORANDUM DECISION
AND ORDER - 14